IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIK THOMAS SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-141-WHA-CSC |
| | ) | [WO] |
| SHERIFF DONALD J. VALENZA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on February 17, 2021. On February 26, 2021, the Court directed Defendants to file an Answer and Written Report addressing Plaintiff's claims for relief. In compliance with the Court's order, Defendants submitted an Answer, Written Report, and relevant evidentiary materials refuting the allegations in the Complaint. Doc. 28. Upon review of this report, the Court issued an Order directing Plaintiff to file a response to Defendants' report. Doc. 30. The Order informed Plaintiff his failure to respond to the report would be treated by the Court as an abandonment of the Complaint and a failure to prosecute. Doc. 30 at 1. The Order specifically informed Plaintiff his failure "to file a response that complies with this Order" would result in the undersigned recommending dismissal of this civil action. *See id.*

The time allowed Plaintiff for filing a response in compliance with the directives of the Court's August 4, 2021, Order expired on August 25, 2021. Plaintiff has failed to file

a response in opposition to Defendants' report. The Court, therefore, concludes this case should be dismissed.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to file a response in compliance with the Court's August 4, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that objections to the Recommendation must be filed by **December 7, 2021**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 23rd day of November 2021.

                                      /s/   Charles S. Coody
                               CHARLES S. COODY
                               UNITED STATES MAGISTRATE JUDGE